# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHRISTOPHER SINGLETON**      **MOVANT**

**V.**     **NO.:  4:15CR51-NBB**

**UNITED STATES OF AMERICA**     **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Christopher Singleton ("Singleton") comes before the Court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The Government has responded to Singleton's claims, and the Court has held an evidentiary hearing concerning Singleton's allegation that counsel refused to file an appeal on Singleton's behalf.  Having considered the pleadings and the record, including the evidence adduced at the evidentiary hearing, along with the relevant law, the Court finds that the motion should be denied, for the reasons that follow.

### I. Background Facts and Procedural History

On April 23, 2015, a federal grand jury returned an indictment against Christopher Singleton and several others in which Singleton was charged with conspiracy to distribute and possession with intent to distribute cocaine and marijuana, conspiracy to commit money laundering, and five counts of distribution of cocaine.  The conspiracy involved the delivery of drugs from Texas to Mississippi, where the drugs were sold.  The proceeds from the sale of the drugs were then placed in an 18-wheeler registered to a company of one of Singleton's co-defendants, and Singleton, under the guise of a legitimate trucking trip, would drive the drug proceeds to Texas.  Upon arrival in Texas, Singleton would retrieve cocaine from a vehicle of one of the co-conspirators and transfer large amounts of the drug proceeds before returning to Mississippi and selling the cocaine to others.

Several months after his arrest, and with the assistance of appointed counsel, Singleton entered into a binding plea agreement in which the parties agreed that the total amount of drugs attributable to Singleton was greater than 50 kilograms of cocaine hydrochloride but less than 150 kilograms. *See* Docs. #100 and 130 at 9-10; *see also* Fed. R. Civ. P. Rule 11(c)(1)(C). At the change of plea hearing, the Court advised Singleton of his rights, including the right to remain silent, the right to proceed to trial on a presumption of innocence, and the right to plead not guilty. *See* Doc. #130 at 4-5. Singleton stated at the hearing that he had discussed the terms of the plea agreement with his counsel, and he affirmed that counsel had given him adequate advice regarding the decision to enter a plea. *Id*. at 4, 6. When asked whether he had been threatened or forced into pleading guilty, or whether anyone made any promises, other than the plea agreement, to cause Singleton to plead guilty, Singleton answered in the negative. *Id*. at 7,10.

The plea agreement also contained a waiver provision in which Singleton, with limited exceptions, waived his right to appeal or collaterally attack his conviction. *Id.* at 9. The plea agreement's waiver paragraph was discussed on the record by counsel for the Government, who stated:

> There's a waiver paragraph where the defendant[] [is] waiving any rights to appeal the conviction or sentence and the manner in which the sentence was imposed on any ground whatsoever, including 18 U.S.C. 3742 and 28 U.S.C. 2255. There is an exception where the defendant can appeal, and that[] [is] ineffective of assistance of counsel relating to the validity of the waiver of appeal or the validity of the guilty plea itself.

Doc. #130 at 9. It was additionally noted on the record that the plea supplement contained an agreement as to the amount of drugs attributable to Singleton for guideline purposes. *Id*. The Government set forth the elements that must be proved and the factual basis of proof, after which Singleton stated that he understood those elements and agreed with the factual basis. *Id*. at 11-

14. After the substance of the plea agreement was described by the Government, the Court insured Singleton understood the agreement:

> The Court: Mr. Singleton, you've heard the prosecutor state the agreement that you entered into with the Government attorneys in regard to this particular case. Do you agree to the accuracy of what he said is the plea agreement?
> Singleton: Yes, sir.

*Id*. at 10. After the government went read the factual basis for the charges into the record, the Court addressed Singleton:

> The Court: Mr. Singleton, did you do everything [the Government] just described you did; or are there some things that he said you did that you disagree with?
> Singleton: I did it, sir.

*Id*. at 14.

Thereafter, Singleton pleaded guilty to conspiracy to distribute and possession with intent to distribute cocaine and marijuana, as well as conspiracy to commit money laundering, and the Court accepted his plea. *See* Doc. #130 at 15. Following Singleton's guilty plea, the United States Probation Service prepared its Pre-Sentence Investigation Report ("PSR"), and Singleton's sentencing guidelines range was calculated to be 135-168 months based on an offense level of 33 with a criminal history category of I. PSR ¶64. Singleton did not file any objections to the PSR and was sentenced on March 14, 2016, to a term of 135 months imprisonment. Judgment entered on March 16, 2016. *See* Doc. #172.[1]

Singleton did not appeal the judgment. Instead, on August 11, 2016, Singleton filed the instant § 2255 motion, claiming that his attorney rendered ineffective assistance (1) in failing to inform Singleton of a plea deal offered by the Government that would have reduced his sentence; (2) in failing to move object to reduce Singleton's sentence on the basis of his alleged minor

---

[1] An amended judgment entered on April 8, 2016, ordering the $100,000 Order of Forfeiture be made part of the judgment. Doc. #186 at 4, ¶2.

participation in the crimes; and (2) in refusing to file a notice of appeal as to Singleton's sentence. The Government responded to the motion, and the Court subsequently ordered an evidentiary hearing on Singleton's allegation that counsel refused to file an appeal. Counsel was appointed to Singleton for the purpose of the evidentiary hearing, which was held on March 14, 2017.

## II. Legal Standard

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) the judgment was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the judgment; (3) the sentence exceeds the statutory maximum sentence; or (4) the judgment or sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral attack limits a movant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## III. Waiver

As previously noted, Singleton waived his right to appeal or collaterally attack his

sentence pursuant to a plea agreement. A defendant's right to appeal, which is statutory in nature, may be waived as part of a plea agreement, provided that the waiver is informed and voluntary. *See United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). To be knowing and voluntary, a defendant must know he had a right to appeal his sentence that he was giving up by agreeing to the waiver. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). It is the court's responsibility to insure that the defendant understands his right to appeal and the consequences of waiving said right. *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). If the defendant knowingly and voluntarily waived his rights, and the waiver language in the agreement is clear and unambiguous, then the waiver is enforceable. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). However, an exception exists: an ineffective assistance of counsel claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself." *Id*.

### IV. Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the right to the "reasonably effective" assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Whether counsel has rendered constitutionally acceptable assistance requires consideration of whether trial counsel's performance was so deficient that it cannot be said that he was functioning as "counsel" within the meaning of the Sixth Amendment, and whether the deficient performance actually prejudiced the defense. *See id.* at 687; s*ee also Boyle v. Johnson*, 93 F.3d 180, 187 (5th Cir. 1996) (holding that ineffective assistance of counsel claims are analyzed under the *Strickland* framework).

To establish deficient performance, the movant "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. The court's scrutiny of counsel's performance must be "highly deferential." *Id*. at 689. To prove prejudice, the movant

5

must demonstrate that there exists a reasonable probability that, but for the errors of counsel, the result of the proceedings would have been different. *Id.* at 694. The prejudice inquiry does not merely require that the movant raise the "possibility of a different outcome," but rather, it requires the movant to "demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane v. Johnson*, 178 F.3d 309, 312-13 (5th Cir. 1999) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). In order to show prejudice from an attorney's ineffective assistance during the plea process, a movant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The failure to prove either deficient performance by counsel or actual prejudice as a result of counsel's actions or omissions defeats a claim of ineffective assistance. *Strickland*, 466 U.S. at 697.

**A. Failure to advise of offer to cooperate.**

Singleton argues that his court-appointed attorney, Whitman Mounger ("Mounger"), rendered ineffective assistance in failing to inform him that the Government had offered him a plea deal that would have reduced his sentence based upon his cooperation. Doc. #221 at 4. In his § 2255 motion, Singleton alleges that his attorney waited until the middle of sentencing to inform him that the Government had offered a plea deal including a lower sentence, citing the following exchange from his sentencing hearing to support his claim:

> The Court: Okay. Is Mr. Singleton - - has Mr. Singleton been cooperative with you in the prosecution of these other defendants?
> [The Government]: Your Honor, we have not met. We've never met with Mr. Singleton. He was cooperative in the plea agreement. . . but we've never met with him.
> The Court: So you've never sought his cooperation, needed to talk to him about it?
> [The Government]: Well, I have offered for him to come in; but I think it was declined, so.
> The Court: Okay.

6

> Mr. Mounger: Your Honor, the - - following up on the Court's query of Mr. McGee about cooperation, I don't know whether the Court would like us to speak to that or not as far as reasons why he may not have. If the Court - -
> The Court: You can if you wish to. It does raise a question, you know, when there are about five defendants in one case, whether or not they cooperate against each other.
> Mr. Mounger: Yes, sir. And I don't know how much to get into in open court; but, to say the least, my client's felt very uneasy. Several of the defendants live in the immediate area of where he does, and I think there's been - - I don't want to say any direct threats at this point, Your Honor. But there's at least one person, who was either directly or peripherally involved in this, who was shot at before Christmas and was shot after Christmas, hit - - like, a bullet hit him. And there have been some rumors, vague threats, if you will, floating around town. He's been fearful not only for himself but for his family. And while that - - you know, I don't want to say makes sense. He has felt very apprehensive about doing anything that he felt might endanger his family, and that's the primary reason why that - - I hate to say lack of cooperation, but it is - -
> The Court: I understand.

Doc. #196 at 8 - 10. Singleton concedes that he told his attorney that some people involved in the case were shot at or on the run but alleges in his § 2255 motion that he never mentioned any concerns to Mounger that he feared for his or his family's safety if he cooperated. *See* Doc. #222 at 4, 5-6. He further alleges that he never declined an offer for a sentence reduction in exchange for his cooperation and denies knowledge that such an offer had ever been made until it was mentioned in at his hearing. *Id*. at 4.

As an initial matter, the Court finds that the advice to Singleton to plead guilty, to the extent that advice is challenged in the instant motion, was not deficient. Had Singleton gone to trial and a jury found him guilty, his guideline imprisonment range would have been 188 months to 235 months. *See* PSR at ¶¶ 31-35, 64; *see also* United States Sentencing Guidelines, ch.5, pt. A, Sentencing Table. Because of his guilty plea, however, Singleton was sentenced to a term of imprisonment of 135 months. Doc. #196 at 11.

The Court otherwise notes that Singleton had no right to be offered an agreement that he would receive a sentence reduction in exchange for his cooperation, and therefore, he cannot

7

prove counsel's deficiency for failure to secure a cooperation agreement for him. *See, e.g., United States v. Francois*, 889 F.2d 1341, 1345 (4th Cir. 1989) (holding defendant has no constitutional right to availability of a substantial assistance provision to reduce a criminal sentence). Furthermore, in the affidavit Mounger submitted in connection with these proceedings, he attests that he had numerous conversations with Singleton concerning the Government's wishes for cooperation. *See* Doc. #226-1 at 1-2. Mounger claims that Singleton was ambivalent about the Government's desire for cooperation and refused to make a decision, despite his discussion with Singleton as to the effects of a §5K.1 motion on his sentence. *See* Doc. #226-1 at 2. Mounger states that Singleton ultimately declined to cooperate out of fear of retribution and his desire to avoid testifying against a particular co-defendant. *Id.*; *see also* Doc. #196 at 9.

The allegation raised by Singleton in his § 2255 motion lacks any evidentiary support. A post-sentencing letter from Singleton to Mounger that was produced at the evidentiary hearing supports the assertion that Singleton refused offers to cooperate based on his fear of retribution. *See* Evid. Hr'g Ex. 2. More conclusively, Singleton agreed at the hearing that he declined to attend several cooperation meetings his counsel had arranged with the Government because of his fears for his own safety and the safety of his family. The Court finds the testimony given at the evidentiary hearing credible. Therefore, based on the evidence before it, including Singleton's testimony contradicting the allegations he presented in his § 2255 motion, the Court finds that counsel did not perform deficiently in failing to advise Singleton concerning the possibility of cooperation.

Additionally, Singleton has not sustained his burden of demonstrating prejudice with regard to the plea process, as he has not proved that, absent counsel's alleged deficiencies, he would have proceeded to trial. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)

(in order to show prejudice as a result of ineffective assistance during the guilty plea process, defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial") ( citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Singleton told counsel he wanted to plead guilty. Doc. #226-1 at 1, 3. He stated in open court that he intended to plead guilty. *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) (holding that courts give "great weight to the defendant's statements at the plea colloquy"). He confirmed at his evidentiary hearing that he intended to plead guilty. Therefore, Singleton provides only conclusional allegations to support the claim raised in his § 2255 motion, and such allegations are insufficient to support his claim. *See, e.g., United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007).

Furthermore, had Singleton not pleaded guilty and been found guilty, his imprisonment range would have been substantially higher than the 135-month term of imprisonment that he received as a result of his plea agreement. *See, e.g.,* Doc. #196 at 10-11. While counsel's failure to advise a client of a plea offer may constitute ineffective assistance, Singleton has alleged only that a general offer of cooperation was made, not that a specific offer was made. *See Teague v. Scott*, 60 F.3d 1167, 1170-71 (5th Cir. 1995) (noting counsel's failure to advise criminal defendant of plea offer could amount to ineffective assistance of counsel). Singleton's allegations are, therefore, unsupported, and the evidence demonstrates that Singleton ultimately decided not to cooperate for the reasons stated by counsel at the sentencing hearing and confirmed by both Singleton and Mounger at the evidentiary hearing. *See* Doc. #196 at 8-10; Doc. #226-1.

In sum, the Court finds that Singleton signed a plea agreement — verbally confirmed in open court — that expressly waived his rights to appeal and collaterally challenge his conviction. The record establishes that both the plea and waiver were knowing and voluntary, and there is

nothing before the Court that would undermine the validity of the plea or waiver. Therefore, the waiver entered into by the parties disposes of this issue. Waiver aside, the Court otherwise finds that Singleton's allegations have been refuted by his own testimony at his evidentiary hearing and the credible testimony of Mounger. Accordingly, the Court determines that Singleton has failed to establish deficient performance by counsel or resulting prejudice, and relief as to this issue will be denied.

### B. Failure to secure a "minor participant" sentence reduction.

Singleton also argues that his trial counsel failed to move for a reduction in his base offense level on the basis of his role as a minor participant in the charged crimes. As discussed in the previous section, the Court finds that Singleton has expressly waived his right to bring a collateral attack as to this claim. *See, e.g., White*, 307 F.3d at 343. The Court otherwise finds, however, that Singleton's claim is without merit.

The Court notes that neither counsel, the Government, nor Probation considered Singleton a minor participant in the crimes with which he was charged. *See* Doc. #226-1 at 4; Doc. #196 at 5, 10. The Court finds that the evidence in Singleton's PSR showed that Singleton drove to Texas numerous times to pick up large amounts of cocaine, and that the Government made four controlled drug purchases from him. *See* PSR at ¶¶15, 18. This information establishes that Singleton was not a minor participant in the charged crimes, and Singleton has not established that the information in his PSR is materially untrue. *See, e.g., United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995). Therefore, it would have been futile for Singleton's counsel to file an objection to the PSR based on his allegedly minor role, and counsel is not required to file futile motions. *See, e.g., Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). Moreover, even if counsel had lodged an objection to Singleton's allegedly minor role, Singleton has not presented any specific information which, if alleged, could have influenced his sentence.

Accordingly, Singleton has proved neither deficient performance by counsel nor resulting prejudice, and relief as to this claim will be denied.

### C. Failure to file a notice of appeal.

In his § 2255 motion, Singleton claims that Mounger rendered ineffective assistance by refusing to file a notice of appeal as to Singleton's sentence. Mounger refutes Singleton's claim, stating that Singleton never made any such request. *See* Doc. #226-1.

It is well settled that "an indigent criminal defendant's right to counsel extends through the period for taking an appeal." *Brewen* v. *United States,* 375 F.2d 285, 286 (5th Cir. 1967) (citations omitted). The Supreme Court has held that an attorney renders ineffective assistance if he disregards a client's "express instructions" to appeal from a conviction or sentence. *Roe v Flores-Ortega*, 528 U.S. 470, 477-78, 480 (2000) (citations omitted). This is true even where the defendant "has waived his right to direct appeal and collateral review." *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007).

At the evidentiary hearing held in this matter, both Singleton and Mounger testified that Singleton never requested that Mounger file an appeal. Singleton testified that while he wanted his attorney to "fight against" the drug quantity attributed to him in the PSR and "appeal" that determination, he conceded that he never requested that counsel file a Notice of Appeal from the judgment entered in his case. Singleton asserted that he did not attempt to contact Mounger immediately after his sentencing, but that he did unsuccessfully attempt to contact Mounger by telephone once he was transferred to the federal facility where he is now housed. He stated that his mother subsequently spoke to Mounger upon his request, but he stated that she did not speak to Mounger concerning an appeal. Singleton conceded that while a June 13, 2016[2], letter written

---

[2] Additionally, it is noteworthy that Singleton's letter to Mounger was sent well after the deadline for filing a notice of appeal. *See* Fed. R. App. P. 4(b).

by Singleton to Mounger indicated Singleton's desire for a "sentencing reduction," the letter did not request that Mounger file an appeal. *See* Evid. Hr'g Ex. 2. The evidence further showed that Singleton's letter to Mounger was followed by a July 2, 2016, letter from Mounger in reply in which he stated that it was too late for Singleton to receive a §5K.1 reduction but advising him of the existence of a Rule 35 motion to possibly obtain a sentence reduction. *See* Evid. Hr'g Ex. 3.

The Court finds that Singleton never gave instructions, express or otherwise, to his counsel to file an appeal of the judgment entered in this cause.[3] Accordingly, the Court rejects Singleton's contention that counsel rendered ineffective assistance by failing to fulfill Singleton's request that an appeal be filed, and relief as to this issue will be denied.

## V. Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Singleton must obtain a COA before he may appeal the denial of his §2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in § 2255 proceeding). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists

---

[3] The crux of Singleton's disagreement with his case appears to be the amount of drugs attributed to him. The Court notes that the drug quantity was limited by the binding plea agreement, which Singleton stated he read and understood prior to signing it.

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## VI.  Conclusion

For the reasons set forth herein, Singleton's § 2255 motion [221] is **DENIED**, and a COA from this decision is **DENIED**. A final judgment consistent with this Memorandum Opinion and Order will enter today.

**SO ORDERED** this 20th day of March, 2017.

 /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**